# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 15-1394 Kevin Willes v. Wells Fargo Bank, N.A. |
|---|---|
| **Originating No. & Caption** | 1:12-cv-00137-CCB Kevin Willes V. Wells Fargo Bank, N.A. |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Section 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | March 16, 2015 | |
| Date notice of appeal or petition for review filed | April 14, 2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ◉ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Action was brought against Wells Fargo as trustee for Series 4 notes purchased by Willes. Class action for Series 3 notes was pending in same district court before same judge. Scheduling order in Willes case was modified several times to parallel dates in Series 3 case while class action discovery occurred.  District court did not allow further modification of scheduling order, and entered summary judgment in favor of Wells Fargo. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1, Whether the District Court erred in denying plaintiff's motion for modification of scheduling order to parallel related action.<br>2. Whether the District Court erred in granting defendant's motion for summary judgment. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Wells Fargo Bank, N.A. | Adverse Party: |
| Attorney: Brian A. Troyer<br>Address: Thompson Hine LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114-1291 | Attorney:<br>Address: |
| E-mail: Brian.Troyer@thompsonhine.com | E-mail: |
| Phone: (216) 566-5654 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Kevin Willes<br><br>Attorney: Andrew J. Toland III<br>Address: 111 S. Calvert Street, Suite 1950<br>         Baltimore, Maryland 21202<br><br><br>E-mail: andy@discepolollp.com<br><br>Phone: (410) 296-0780 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/ Andrew J. Toland III           **Date:** April 30, 2015

**Counsel for:** Appellant Kevin Willes

---

**Certificate of Service**: I certify that on ___April 30, 2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Brian A. Troyer (Ohio Bar No. 0059671)<br>Brian.Troyer@thompsonhine.com<br>Thompson Hine LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114-1291 | C. Dennis Southard IV (D. Md. Bar No. 15010)<br>dennis.southard@thompsonhine.com<br>THOMPSON HINE LLP<br>1919 M Street NW<br>Suite 700<br>Washington, D.C. 20036-1600 |

Signature: s/ Andrew J. Toland III         Date: April 30, 2015